# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Henderson, Esq. (SBN 249366)<br>Carcione, Cattermole, Dolinski, et al.<br>601 Brewster Ave., Second Floor<br>Redwood City, CA 94064<br>TELEPHONE NO.: 650-367-6811   FAX NO. (Optional): 650-367-0367<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Arthur R. Yost, Jr., Erika Yost | ENDORSED<br>FILED<br>'12 MAY 24 P3:25<br>M. Rawson |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: Arthur R. Yost, Jr.; Erika Yost

DEFENDANT: DeWalt Industrial Tool Co.; Platt Electric Supply, Inc.

[X] DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE          [ ] OTHER (specify):
   [ ] Property Damage      [ ] Wrongful Death
   [X] Personal Injury       [ ] Other Damages (specify):

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded  [ ] does not exceed $10,000<br>    [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | 112CV225252 |

1. Plaintiff (name or names): Arthur R. Yost, Jr.; Erika Yost
   alleges causes of action against defendant (name or names): DeWalt Industrial Tool Co., Platt Electric Supply, Inc.
2. This pleading, including attachments and exhibits, consists of the following number of pages: 12
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: Yost v DeWalt | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other (*specify*): LOSS OF CONSORTIUM

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage (*specify*):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
      The amount of damages is (*in cases for personal injury or wrongful death, you must check (1)*):
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (*specify paragraph numbers*):
   All

Date: May 23, 2012

Joshua Henderson, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]        COMPLAINT—Personal Injury, Property        Page 3 of 3
                                          Damage, Wrongful Death

| PETITIONER/PLAINTIFF: Yost | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT: DeWalt | |

Attachment--Does 6
Page 4

Plaintiff does not know the true names of the defendants sued herein as DOES 1 through 100. Plaintiff is informed and believes and thereon alleges, that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the plaintiff as herein alleged. Wherever in this complaint any defendant is the subject of any charging allegation by plaintiff, it shall be deemed that said defendants, DOES 1 through 100, inclusive, and each of them, are likewise the subject of said charging allegation

Legal Solutions Plus

PLD-PI-001(5)

| SHORT TITLE: Yost v DeWalt | CASE NUMBER: |
|---|---|

_____FIRST_____ CAUSE OF ACTION—Products Liability          Page 5
     (number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Arthur R. Yost, Jr.

Prod. L-1. On or about *(date)*: October 11, 2011    plaintiff was injured by the following product:
DeWalt Cordless Hammer Drill, Model Number DCD970, Type 1, 18 Volt

See Attachment Prod. L - 1

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
- [X] used in the manner intended by the defendants.
- [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
- [X] purchaser of the product.            [X] user of the product.
- [ ] bystander to the use of the product.  [ ] other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [X] Count One—Strict liability of the following defendants who
    a. [X] manufactured or assembled the product *(names)*: DeWalt Industrial Tool Co.

        [X] Does 1 to 30
    b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:

        [X] Does 31 to 60
    c. [X] sold the product to the public *(names)*: DeWalt Industrial Tool Co., and Platt Electric Supply, Inc.

        [X] Does 61 to 100
Prod. L-5. [X] Count Two—Negligence of the following defendants who owed a duty to plaintiff *(names)*:
    DeWalt Industrial Tool Co., and Platt Electric Supply, Inc.

        [X] Does 1 to 100
Prod. L-6. [X] Count Three—Breach of warranty by the following defendants *(names)*: DeWalt Industrial Tool Co., and Platt Electric Supply, Inc.
        [X] Does 1 to 100
    a. [X] who breached an implied warranty
    b. [X] who breached an express warranty which was
        [x] written  [x] oral
Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    [X] listed in Attachment-Prod. L-7  [ ] as follows:

Page 1 of 1

Form Approved for Optional Use          CAUSE OF ACTION—Products Liability       Legal Solutions Plus     Code of Civil Procedure, § 425.12
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

| SHORT TITLE: Yost v DeWalt | CASE NUMBER: |
|---|---|

1. Attachment Prod. L - 1

1. On October 11, 2011, Arthur R. Yost, Jr. was performing Electrical Repairs at Buffalo Wild Wings Restaurant in San Jose, CA. On that day, his task was to repair an emergency light above one of the restaurant's doors.

2. To accomplish the work, Mr. Yost climbed a fiberglass ladder and began using a Cordless Hammer Drill, which was designed and manufactured by Defendants DeWalt Industrial Tool Co. and Does 1-60. Mr. Yost had purchased the aforementioned drill on September 6, 2010 from Platt Electric Supply, Inc., and Does 61-100.

3. While performing his job, Mr. Yost's Cordless Hammer Drill unexpectedly and prematurely disengaged from the drillbit. This unexpected and premature disengagement caused Mr. Yost to lose his balance and fall from his ladder, causing severe physical injuries.

*(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court.  Page 6

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal Solutions Ca Plus    CRC 201 601

| PETITIONER/PLAINTIFF: Yost | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT: DeWalt | |

Attachment: Prod. L - 7
Page 7

1. Defendants DeWalt Industrial Tool Co., and Platt Electric Supply, Inc., and Does 1-100, are, and at all times herein mentioned were, engaged in the business of designing, engineering, manufacturing, fabricating, re-manufacturing, assembling, supplying, distributing, selling, testing, repairing and inspecting drills, including the subject Cordless Hammer Drill, and their component parts. Defendants hold, and have held, themselves out to the public as having superior knowledge, skill and experience in the design, engineering, manufacture, fabrication, re-manufacture, assembly, supply, sale, distribution, testing, repair and inspection of drills, including the Cordless Hammer Drill, and their component parts. In the course of their businesses, said Defendants designed, engineered, manufactured, fabricated, re-manufactured, assembled, supplied, sold, distributed, tested, repaired, and/or inspected the subject Cordless Hammer Drill, and its component parts. Defendants expressly and impliedly warranted the Cordless Hammer Drill and its component parts were fit for their intended use and free of defects. Defendants marketed, sold, distributed and caused the Cordless Hammer Drill and its component parts to be introduced into the stream of commerce.

2. On October 11, 2011, Arthur J. Yost was using the Cordless Hammer Drill and drill bit to do electrical repair work in a normal, intended, and foreseeable manner when the subject accident occurred.

3. At the time of the subject accident, the Cordless Hammer Drill and its component parts were defective in design, manufacture, assembly, repair and/or inspection, which rendered the Cordless Hammer Drill unsafe in its intended operation.

4. The Cordless Hammer Drill and its component parts were also defective due to a failure to warn of the dangers inherent in said product and failure to provide adequate instructions regarding the avoidance of such hazards. Said defects included, but are not limited to: defects with respect to the choice of material used for the chuck; defects with respect to the design of the chuck; defects in the failure to have redundant safety measures to protect the user in case the chuck prematurely disengaged a drill bit; and defects in the instructions/ warnings provided in that they failed to identify the useful life of the chuck, along with a warning of the dangers of using the chuck beyond that useful life. There were other and related defects whose nature cannot yet be ascertained due both to the need for further investigation and discovery.

5. The defects in the Cordless Hammer Drill and its component parts existed when said products left the Defendants' possession and control.

6. The defects alleged above were direct, proximate and legal causes of the subject accident, and Arthur J. Yost's resulting injuries.

7. As a direct, proximate and legal result of the defective Cordless Hammer Drill and its component parts, the Cordless Hammer Drill failed, which resulted in Arthur J. Yost falling from the top of a ladder and suffering injuries.

8. By reason of the foregoing, Defendants DeWalt Industrial Tool Co., and Platt Electric Supply, Inc., and Does 1-100, are strictly liable in tort to Plaintiff for his injuries and economic and non-economic damages as permitted by applicable law and in amounts according to proof at trial.


Legal Solutions Plus

|  |  | PLD-PI-001(2) |
|---|---|---|
| SHORT TITLE:  Yost v DeWalt | | CASE NUMBER: |

__Second__ CAUSE OF ACTION—General Negligence      Page __8__
   (number)

ATTACHMENT TO [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Arthur R. Yost, Jr.

alleges that defendant *(name)*: DeWalt Industrial Tool Co., and Platt Electric Supply, Inc.

[X] Does __1__ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: October 11, 2011
at *(place)*:

*(description of reasons for liability)*:

1. Plaintiff adopts and incorporates by reference all the allegations contained in Plaintiff's First Cause of Action for Product Liability as if set forth in full herein.

2. Defendants owed a duty to the purchasers and users of the subject drill, including Plaintiff, to exercise reasonable care in conducting their business to properly design, research, develop, manufacture, re-manufacture, produce, process, assemble, inspect, supply, distribute, deliver, broker, market, package, label, warn, maintain, repair, modify, recall, retrofit, engineer, test, recommend, advertise, lease and/or sell said drill and its component parts.

3. Defendants knew, or in the exercise of ordinary care should have known, of the means of designing, researching, developing, manufacturing, re-manufacturing, producing, processing, assembling, inspecting, testing, installing, supplying, distributing, delivering, brokering, marketing, packaging, labeling, adequately warning, instructing, maintaining, repairing, modifying, recalling, retrofitting, engineering, testing, recommending, advertising, leasing, selling, or equipping the subject drill and its component parts, such that the type of incident and resulting injuries as described herein would be prevented. Defendants knew of the means of designing, researching, developing, manufacturing, re-manufacturing, producing, processing, assembling, inspecting, testing, installing, supplying, distributing, delivering, brokering, marketing, packaging, labeling, adequately warning, instructing, maintaining, repairing, modifying, recalling, retrofitting, engineering, testing, recommending, advertising, leasing, selling, or equipping a safe drill and/or its component parts, so that the subject drill would not prematurely disengage a drill bit.

4. Defendants violated their legal duty of reasonable care by their wrongdoing, unreasonable acts and omissions, carelessness and misconduct, and were negligent. Defendants were negligent in designing, researching, developing, manufacturing, re-manufacturing, producing, processing, assembling, inspecting, testing, installing, supplying, distributing, delivering, brokering, marketing, packaging, labeling, adequately warning, instructing, maintaining, repairing, modifying, recalling, retrofitting, engineering, testing, recommending, advertising, leasing, selling, or equipping the subject drill and/or its component parts. Defendants knew, or in the exercise of ordinary care should have known, that the subject drill and/or its component parts were defective and unsafe for those persons likely to use the drill for the purpose and in the manner for which it was intended to be used and for purposes reasonably foreseeable to the Defendants.
SEE ATTACHMENT CAUSE OF ACTION--General Negligence--continued

| PETITIONER/PLAINTIFF: Yost | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT: DeWalt | |

SEE ATTACHMENT CAUSE OF ACTION—General Negligence—continued
Page 9

5. Defendants were additionally negligent in that they failed to give adequate or proper warnings or instructions to ordinary users thereof, including Plaintiff, and failed to recall or timely recall the drill or make appropriate post-marketing efforts to prevent the subject accident and resulting injuries. Said failure to warn and instruct included the Defendants failing to provide and/or obtain, proper warnings and instructions for the proper maintenance, repair, assembly, re-assembly, re-manufacture, retrofit, modification, installation, re-installation, inspection, and/or testing of the subject drill and its component parts.

6. Defendants' negligence, wrongdoing, tortious conduct, careless acts and omissions alleged hereinabove, were a direct, proximate and legal cause of the subject accident and the injuries and damages suffered by Plaintiff.

7. As a direct, proximate and legal result of the misconduct alleged in this cause of action, Defendants are liable to Plaintiff in negligence for his injuries and damages.

Legal Solutions Plus

05/29/2012  17:06    ᴸ. ⁄7449424                    MUSTANG                              PAGE  19/21
                                                                                       ☒ 018/020

| PETITIONER/PLAINTIFF: Yost | CASE NUMBER: |
| RESPONDENT/DEFENDANT: DeWalt | |

Page: 10
THIRD CAUSE OF ACTION
(LOSS OF CONSORTIUM)

1. Plaintiffs, ARTHUR R. YOST, JR. and ERIKA YOST, repeat, replead and reallege, as though set forth herein, the allegations contained in the First and Second Causes of Action.

2. At all times relevant to this action, plaintiffs, ARTHUR R. YOST, JR. and ERIKA YOST, were, and now are, husband and wife.

3. That by reason of the acts of defendants, and each of them, as herein alleged, and as a direct and proximate result thereof, plaintiffs ARTHUR R. YOST, JR. and ERIKA YOST suffered loss of consortium and thereby sustained economic and non-economic damages.

PLD-PI-001(5)

| SHORT TITLE: Yost v DeWalt | CASE NUMBER |
|---|---|

**Exemplary Damages Attachment**   Page 11

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

EX-1. As additional damages against defendant (name): DeWalt Industrial Tool Co.

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

On October 11, 2011, while performing his job as an electrician, Plaintiff Arthur Yost fell off his ladder, sustaining serious injuries, when the subject Cordless Hammer Drill unexpectedly and prematurely disengaged a drill bit.

Long before October 11, 2011, Defendants and their corporate officers, directors, and managing agents, knew at all relevant times before October 11, 2011, that the Cordless Hammer Drill with its component parts was by virtue of its defective and dangerous nature and/or character, dangerous for its intended purpose and/or use by Plaintiff herein and other such members of the public.

Defendants and their officers, directors, and managing agents, knew that the defective drill and its component parts were dangerous because Defendants knew and/or had notice that said model drill had failed to perform safely in tests, simulations, investigations, and/or studies conducted by or on behalf of said Defendants, and/or by others, including private and public entities and individuals.

Defendants and their officers, directors, and managing agents, knew that the defective drill and its component parts were dangerous because of prior complaints and notice from purchasers and users of said model of drill.

Defendants and their officers, directors, and managing agents, acted in conscious and willful disregard of the safety of plaintiff and other members of the public by failing to properly or adequately test the defective drill.

Despite the knowledge of the Defendants, and their corporate officers, directors, and managing agents, as alleged above, Defendants, with conscious disregard for the rights, safety and well-being of plaintiff and other members of the public, placed the subject drill in the stream of commerce.

Despite the knowledge of the Defendants, and their corporate officers, directors, and managing agents, as alleged above, Defendants, with conscious disregard for the rights, safety and well-being of plaintiff and other members of the public, have not recalled the subject drill.

See Exemplary Damages Attachment—continued

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**EXEMPLARY DAMAGES ATTACHMENT**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

| PETITIONER/PLAINTIFF: Yost | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: DeWalt | |

Exemplary Damages Attachment--continued
Page 12

Despite the knowledge of the Defendants, and their corporate officers, directors, and managing agents, as alleged above, Defendants, with conscious disregard for the rights, safety and well-being of plaintiff and other members of the public, have not alerted, advised, warned or otherwise adequately informed purchasers and/or users of the defective and dangerous nature and/or character of the subject drill.

Defendants and their corporate officers, directors, and managing agents, failed to alert, advise, warn or otherwise adequately inform purchasers and/or users of the dangerous and defective character of the subject drill and its component parts, while knowing that said product would not be and/or were not likely to be, examined or inspected for defects by their purchasers and/or users.

Further, the Defendants and their officers, directors, and managing agents, acted in the manner described above and/or failed to take the actions mentioned above, for reasons of economic gain, and to save money and increase their business profits. Defendants consciously, willfully and wantonly decided that their profits were more valuable and important than human suffering and life.

In doing the acts herein alleged, Defendants and their officers, directors, and managing agents, directly, and in authorizing and ratifying the conduct of each of them, acted despicably and with a willful and conscious disregard of the rights and safety of others and are liable under California Civil Code §3294 for exemplary and/or punitive damages in an amount to be shown according to proof at trial.

Plaintiff is therefore entitled to an award of exemplary and punitive damages against said Defendants.


Legal Solutions Plus

05/29/2012 17:06   C   449424          MUSTANG                              PAGE  05/21
                                                                            ☒ 004/020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Henderson, Esq. SBN 248366<br>Carcione, Cattermole, Dolinski, et al.<br>601 Brewster Ave., Second Floor<br>Redwood City, CA 94064<br>TELEPHONE NO.: 650-367-6811   FAX NO.: 650-367-0367<br>ATTORNEY FOR (Name): Arthur J. Yost | ENDORSED<br>FILED<br>2012 MAY 24  AM 10: 25<br>C.<br>B. M. Rawson |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: Yost, et al. v DeWalt Industrial Tool Co.; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER. |
|---|---|---|
| ☒ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 112CV225252<br>JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
☐ Auto (22)
☐ Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☐ Asbestos (04)
☒ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

Employment
☐ Wrongful termination (36)
☐ Other employment (15)

Contract
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

Real Property
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

Unlawful Detainer
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

Judicial Review
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
☐ Enforcement of judgment (20)

Miscellaneous Civil Complaint
☐ RICO (27)
☐ Other complaint (not specified above) (42)

Miscellaneous Civil Petition
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/23/12

Joshua Henderson, Esq. SBN 248366
         (TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                      CIVIL CASE COVER SHEET      Legal      Cal. Rules of Court, rules 2.30, 3.220, 2.400-3.403, 3.740;
Judicial Council of California                                                  Solutions  Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                      ⊕ Plus

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court Case Matter
    Writ—Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                      **CIVIL CASE COVER SHEET**                              Page 2 of 2