UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ARTHUR R. YOST, *et al.*, | No. C 12-3969 JST (MEJ) |
| Plaintiffs, | DISCOVERY ORDER |
| v. | |
| DEWALT INDUSTRIAL TOOL CO., *et al.*, | |
| Defendants. | |

On November 22, 2013, the parties in this matter filed a joint letter regarding Plaintiff Arthur Yost's Responses to Defendant Platt Electrical Supply's Special Interrogatories, Sets One and Two, and Plaintiff's Responses to Defendant Black & Decker (U.S.) Inc.'s Requests for Production of Documents, Set Two. Dkt. No. 33. On November 27, 2013, discovery in this action was referred to the undersigned. Dkt. No. 37. After careful consideration of the parties' joint letter, the Court now rules as follows.

1. <u>Request for Production of Documents No. 1</u>

With respect to Request for Production of Documents No. 1, seeking production of all DeWalt brand power drills in Plaintiff's possession or available to him that he claims evidence a defective chuck (Jt. Ltr. at 2-3), the Court agrees with Black & Decker that the materials sought in the request do not constitute work product, as the drills were not prepared in anticipation of litigation and do not reveal counsel's thought process of strategy. The Court thus overrules Plaintiff's objection to Request for Production of Documents No. 1. No later than December 18, 2013, the parties shall meet and confer regarding when Plaintiff shall produce the drills, taking into account that Plaintiff's experts must be given an opportunity to complete inspection of them.

2. <u>Special Interrogatories Nos. 1, 2, 3, 4</u>

Interrogatories 1 and 2 ask Plaintiff to identify all persons of whom Plaintiff is aware "who claim they they had difficulty operating" a DCD 970 or DCD 950 DeWalt Brand drill "while using it." *Id*. at 5. Plaintiff objected on the grounds that the interrogatories invade the privacy of third parties and that he already identified at his deposition the people who had problems with drills. *Id*.

Interrogatories 3 and 4 ask Plaintiff to identify all persons of whom Plaintiff is aware "who claim that they experienced any defect in the chuck of" a DCD 970 or DCD 950 DeWalt Brand drill "while using it." *Id*. Plaintiff objected that the interrogatories invade the privacy of third parties, invade attorney-client and work-product privilege, and prematurely seek the identity of expert witnesses and expert work product. *Id*. Plaintiff further responsed that he already identified such individuals at his deposition. *Id*.

The Court has considered the parties' arguments and finds that Plaintiff has failed to present valid objections to these interrogatories. No later than December 20, 2013, Plaintiff must respond to the interrogatories by providing the names and any contact information in Plaintiff's possession for the individuals responsive to the interrogatories. If Plaintiff does not have contact information for a particular individual, he shall indicate that in his response.

3. <u>Special Interrogatory No. 5</u>

Interrogatory No. 5 asks Plaintiff to "IDENTIFY in chronological order all persons and/or entities who have had possession, custody and/or control of the HAMMERDRILL from October 11, 2011 to the present." *Id*. at 6. Plaintiff objected on the grounds that the interrogatory was not reasonably calculated to lead to admissible evidence, is protected work product, is protected by attorney-client privilege, and prematurely seeks the identity of Plaintiff's expert witnesses and expert work product. *Id*.

The Court has considered the parties' arguments and agrees with Defendants that the interrogatory seeks relevant information and does not infringe on attorney-client privilege or seek disclosure of protected work product. Plaintiff must fully respond to the interrogatory by December 20, 2013.

4. <u>Special Interrogatory Nos. 6, 7, 8, 9</u>

Interrogatory No. 6 asks Plaintiff to "State the total number of holes that the HAMMERDRILL has been used to drill from October 11, 2011 to the present." *Id*. at 8.

Interrogatory No. 7 asks Plaintiff to "State the total number of minutes that the HAMMERDRILL has been used to drill holes from October 11, 2011 to the present." *Id*.

Interrogatory No. 8 asks, "If any testing has been performed on the HAMMER DRILL on YOUR behalf from October 11, 2011 to the present, DESCRIBE all such testing." *Id*.

Interrogatory No. 9 asks, "What TYPE of ACCESSORIES have been used when operating the HAMMERDRILL from October 11, 2011 to the present?" *Id*.

In response to each interrogatory, Plaintiff objected on the grounds of relevance, attorney-client privilege, work product, and because the interrogatories "prematurely seek[] the identity of Plaintiff's expert witnesses and expert work product."

The Court has considered the parties' arguments and agrees with Defendant that the interrogatories seek relevant information that is not protected by work product or attorney-client privileges. Plaintiff's objections are therefore overruled and Plaintiff must respond to the interrogatories no later than December 20, 2013.

**IT IS SO ORDERED.**

Dated: December 11, 2013

_____
Maria-Elena James
United States Magistrate Judge

3