Joseph W. Carcione, Jr., Esq. (State Bar No. 56693)
Joshua S. Markowitz, Esq. (State Bar No. 224256)
CARCIONE, CATTERMOLE, DOLINSKI,
STUCKY, MARKOWITZ & CARCIONE, L.L.P.
1300 S. El Camino Real, Suite 300
San Mateo, CA 94402
Telephone: (650) 367-6811
Facsimile: (650) 367-0367

Aaron B. Markowitz, Esq. (Cal. SBN 220694)
abm@markowitzlawgroup.com
MARKOWITZ LAW GROUP
501 Stockton Ave, Ste. 105
San Jose, CA 95126
Telephone: (408) 642-5937
Facsimile: (408) 516-9576

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR R. YOST, JR.; ERIKA YOST, | Case No. 12-CV--03969-JST |
| Plaintiffs, | |
| vs. | **DECLARATION OF GORDON LAKSO** |
| DEWALT INDUSTRIAL TOOL CO.; PLATT ELECTRIC SUPPLY, INC., DOES 1 TO 100, | Dept. 9<br>Dis. Ct. Judge: Hon. Jon. S. Tigar |
| Defendants. | |

I, Gordon Lakso, declare:

1. I am a registered Professional Engineer, and an expert, with over forty years experience, in failure analysis and materials engineering. Filed herewith as **Exhibit 2** is a true and correct copy of my curriculum vitae.

2. The opinions expressed herein are based upon my education, background, research, training, consultation, and experience.

3. I was at the joint inspection between Plaintiff, Black & Decker, and ROHM on

1.

1  January 21, 2014 where the subject drill was disassembled by the defendants. During that
2  inspection I was able to inspect the chuck on the subject drill as well as the chuck on an
3  exemplar drill which was also disassembled. During this inspection I found that the two
4  chucks had different part designations. The chuck from the subject drill had a "-90," while the
5  chuck on the exemplar drill was designated with a "–90A."

6     4.     **Exhibit 15** is a picture of the part of the exemplar chuck showing the
7  designation of "-90A." Unfortunately, the writing on the subject chuck was too eroded for a
8  good picture but I was able read it quite clearly with magnification. I have also inspected
9  another chuck which was obtained by Plaintiff's expert, Richard Bohm, which also had the "-
10  90" designation, similar to the subject drill and **Exhibit 16** is a picture of that chuck, which
11  came off of the drill marked "X5" showing the "-90" designation.

12     5.     In comparing the subject drill and the exemplar drill at the January 21, 2014
13  joint inspection I found what I believe is the cause of the failure of the subject drill. In
14  comparing the pawl bias spring that operates the pawl and ratchet mechanism when the drill
15  operates in reverse, I found that the bias spring in the subject chuck is "set" as compared to the
16  bias spring in the exemplar. When a spring is "set," it means that it is permanently, or
17  plastically compressed rather than elastically compressed.

18     6.     **Exhibit 17** is a picture of the two springs together– the bias spring from the
19  subject drill and the bias spring from the exemplar drill. The spring that is wider or more
20  spread is the exemplar spring and the one that is more compressed is the subject spring. I
21  measured the difference between the two springs and found that the spread for the exemplar
22  spring is 0.173" and it is 0.142" for the incident spring.

23     7.     This "set" bias spring caused the failure in the subject drill because when it is
24  set it fails to serve its intended function of pushing the pawl into the ratchet when the drill is
25  operated in reverse. Therefore, the pawl and ratchet mechanism cannot operate and the chuck
26  pops open when it loads in reverse. This is exactly the same as one of the "root causes" that
27  Black and Decker and ROHM identified in **Exhibit 6**, where it says "Bias spring taking a
28  permanent set."

208947 / abm     DECLARATION OF GORDON LAKSO     Case No. CV-12-03969-JST

8. On January 29, 2014, at an inspection with Richard Bohm, I had the opportunity to examine another drill that like the subject drill failed when it was loaded in reverse, and like the subject drill had a chuck with the "-90" designation. This drill was labeled "X5" for identification. When we took apart the chuck in the drill marked "X5" we found that it had another similarity to the subject drill. The drill marked "X5" also had a set bias spring just like the subject drill.

9. Besides the above drills, I have also disassembled a DCD950/970 "type 2" drill. The chuck in the "type 2" drill is completely different from the chuck in the subject drill. **Exhibit 18** is my pictures of the chuck from the "type 2" drill with annotations. Amongst the various differences between this chuck and the "type 1" chuck is that this chuck eliminates the pawl and bias spring, which was the problem with the subject drill.

10. I have examined the pawl bias springs on the "-75" chuck, the "-90" chuck and the "-90A" chuck and whatever differences there are between them are not easily discernable without substantial destructive testing. We would really need to know what Defendant claimed the differences are to test whether the similarities and/or differences are what defendant says they are. The one difference that I have found, however, is that the pawl bias springs in the two "-90" chucks are both "set" and those in the other drills are not.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on the 10th day of March, 2014 at Lafayette, California.

Dated: March 10, 2014

Gordon Lakso

3.

208947 / abm   DECLARATION OF GORDON LAKSO   Case No. CV-12-03969-JST